IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | CR. No. C-04-717 (1) |
| | § | |
| JOSE ANTONIO TREVINO. | § | |

**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE**

Pending before the Court is Defendant Jose Antonio Trevino's ("Trevino") motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on United States Sentencing Guideline ("U.S.S.G.") Amendment 706. (Docket Entry ("D.E.") 54.) The motion was received by the Clerk on March 28, 2008.

This Court's authority to reduce a sentence pursuant to a Sentencing Guideline amendment comes from 18 U.S.C. § 3582(c)(2). This statute permits a district court to reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997). The pertinent policy statement is set forth at U.S.S.G. § 1B1.10.

Trevino's request for a reduced sentence relies on Amendment 706 to the United States Sentencing Guidelines, which went into effect on November 1, 2007. Amendment 706 reduces the offense level for sentences related to cocaine base, i.e. "crack cocaine," in certain circumstances. It was designed to reduce the "unwarranted disparity" between sentences for crack and sentences for powder cocaine. See Press Release, U.S. Sentencing Commission, "U.S. Sentencing Commission Votes Unanimously to Apply Amendment Retroactively for Crack Cocaine Offenses" (Dec. 11, 2007)

(*available* at http://www.ussc.gov/PRESS/rel121107.htm).  As of March 3, 2008, Amendment 706 could be applied retroactively.  See id.; U.S.S.G. § 1B1.10(c).

From the Court's review of the record and, in particular, Trevino's Presentence Investigation Report ("PSR"), it is evident that Trevino is not entitled to relief under Amendment 706.  Trevino was convicted of conspiracy to possess with intent to distribute more than approximately 3.9 kilograms of cocaine and approximately 14 kilograms of marijuana, ***not*** cocaine base or crack cocaine.  (See PSR at ¶¶ 1, 14.)  Additionally, there was no relevant conduct in his case that stemmed from crack cocaine or cocaine base.  (See PSR at ¶¶ 4-9, 14.)  Indeed, there is no mention of cocaine base or crack cocaine at all in Trevino's PSR.  Accordingly, Amendment 706 is inapplicable in Trevino's case because it would not alter his offense level or guideline range.  See U.S.S.G. § 1B1.10(a)(2)(A)-(B) (a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not authorized if "none of the amendments listed in subsection (c) is applicable to the defendant" or if a listed amendment "does not have the effect of lowering the defendant's applicable guideline range.")  Thus, Trevino is not eligible for resentencing nor entitled to a reduction in sentence.

For the foregoing reasons, Trevino's motion to reduce (D.E. 54) is DENIED.

It is so ORDERED this 3rd day of April, 2008.

_____
Janis Graham Jack
United States District Judge

2